IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reynold Gelin, | ) | |
| | ) | |
| Petitioner, | ) | 4:03-cr-00474-CWH-15 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## I. Introduction

The petitioner, Reynold Gelin, commenced this pro se action pursuant to 28 U.S.C. § 2255, claiming his attorney, David B. Betts, provided ineffective representation at the time the petitioner entered his guilty plea, and at re-sentencing. In response, the government moved for summary judgment as to all of the petitioner's claims. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised the petitioner of the summary judgment dismissal procedure and the consequences if he failed to respond. The petitioner has filed a response, and this matter is now before the Court for disposition. For the reasons stated below, the Court grants the government's motion for summary judgment and dismisses the petitioner's Section 2255 petition with prejudice.

## II. Procedural history

The petitioner was indicted on April 23, 2003, for conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base or crack cocaine and 5 kilograms or more of cocaine. (Docket # 1). On August 14, 2003, the petitioner pled guilty pursuant to a plea agreement. The Court sentenced him to 324 months in prison. The petitioner appealed. On



Page 1 of 8

appeal, the Fourth Circuit vacated his sentence and remanded the case to this Court for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005) and United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). See United States v. Gelin, 172 Fed. App'x 27 (4th Cir. 2006) (unpublished per curiam opinion). On June 27, 2006, the Court re-sentenced the petitioner to 262 months. The Fourth Circuit Court of Appeals affirmed the sentence on November 27, 2007. United States v. Debreus, 255 F.3d App'x 725 (4th Cir. 2007) (unpublished per curiam opinion). The petitioner did not file a petition for a writ of certiorari.

The petitioner filed the present Section 2255 petition on February 28, 2008.[1] The government has acknowledged the timeliness of the petitioner's Section 2255 petition under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996. (Gov't Response (Docket # 1195) at 6).

### III. The petitioner's allegations

The petitioner's Section 2255 petition lists four grounds for relief, which are set forth verbatim below:

> Ground One: Plea counsel was ineffective in negotiating the plea of guilty to Count I of the indictment.
> Supporting Facts: Counsel knew or should have known that his client could not be held responsible for Count I because the statute of limitations had tolled. Thus, leaving jurisdiction in the district court wanting.
>
> Ground Two: Plea court lacked subject matter jurisdiction over Count I.
> Supporting Facts: Plea court was without any jurisdiction/authority to accept Movant's guilty plea because the statute of limitations had tolled on the conspiracy charged in Count I.

---

[1] Under Houston v. Lack, 487 U.S. 266 (1988), the petitioner has the benefit of the "prison mailbox rule" with respect to the date he mailed the petition from the prison mailroom.



<u>Ground Three</u>: Plea counsel was ineffective in failing to raise and preserve Movant's Booker errors.
<u>Supporting Facts</u>: Movant's sentence was enhanced because of a weapon and for crack cocaine of which Movant never pled guilty to, nor was he found guilty by a jury of either of the two enhancements. The Court of Appeals previously remanded Movant for re-sentencing because of this Booker error. But counsel never argued it during re-sentencing. Instead, he relied on a confrontation clause defense, wrongly.

<u>Ground Four</u>: Sentencing court violated movant's sixth amendment right when it enhanced movant's sentence in violation of Booker.
<u>Supporting Facts</u>: Because Movant never pled guilty to crack and he never pled guilty to the weapon charge, the sentencing court went beyond its' [sic] authority in enhancing Movant beyond the statutory maximum for the crime he admitted his guilt to. Had this not been done, Movant would have only had an offense level of 34, including the leadership adjustment.

(Petition (Docket # 1024) at 4-5).

## IV. Standard of Review

### A. The <u>pro</u> <u>se</u> petition

The Court is required to construe <u>pro</u> <u>se</u> complaints and petitions liberally. Such <u>pro</u> <u>se</u> complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); <u>and</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (noting that <u>pro</u> <u>se</u> documents are to be liberally construed). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. <u>See</u> <u>Weller v. Dept. of Social Services</u>,



901 F.2d 387, 391 (4th Cir. 1990) ( "The 'special judicial solicitude' with which a district court should view pro se complaints does not transform the court into an advocate.").

### B. Section 2255

The petitioner is proceeding under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). In deciding a Section 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motion, files, and records in this case and finds that a hearing is not necessary.

## V. Discussion

### A. The sixth amendment

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Such assistance must be effective. See Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the United States Supreme Court set forth a two-part test to determine whether a convicted defendant is entitled to relief based upon ineffective



Page 4 of 8

assistance of counsel. In order to succeed on such a claim, a defendant must first show that his counsel's performance was "deficient," Strickland, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to the defendant. Id. As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." Id. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. See Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993).

In addition to showing that counsel's performance was deficient, a defendant also must prove that he was prejudiced by counsel's performance. To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the defendant must demonstrate to a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Roe v. Flores-Ortega, 528 U.S. 470, 485 (2000) (citations omitted). With these principles in mind, the Court turns to Gelin's contentions of ineffective assistance of counsel.

### B. The petitioner's grounds for relief

#### 1. The statute of limitations

The petitioner argues that he received ineffective assistance of counsel because his attorney failed to raise the five-year statute of limitations contained in 18 U.S.C. § 3282 as an affirmative defense to the indictment, and instead allowed the petitioner to plead guilty. Section 3282(a) provides: "Except as otherwise expressly provided by law, no person shall be



Page 5 of 8

prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282. The indictment states, in pertinent part: "That beginning on or about January 1, 1986, and continuing to and including the date of this Indictment, in the District of South Carolina, and elsewhere, . . . REYNOLD GELIN . . . did knowingly and willfully combine, conspire, confederate and agree . . . ." (Docket # 1).

The petitioner interprets Section 3282 as requiring the government to indict him within five years of the time he entered into the conspiracy. (Rep. (Docket # 1202) at 2). This argument is without merit. In the context of a conspiracy, the period of limitations begins to run with the last overt act. Grunewald v. United States, 353 U.S. 391, 397 (1957). The indictment alleged a conspiracy beginning in 1986, and continuing to and including April 23, 2003, the date of the indictment. The petitioner pled guilty on July 14, 2003. The statute of limitations contained in Section 3282 does not apply to this case. It follows, then, that counsel was not deficient when he did not raise the statute of limitations as an affirmative defense, but allowed the petitioner to enter a guilty plea.

### 2. Subject matter jurisdiction

The petitioner argues that the Court lacked subject matter jurisdiction to accept his guilty plea because the statute of limitations had expired. As discussed above, the petitioner's claim is without merit, as the statute of limitations had not run.

### 3. Failure to preserve Booker errors

Next, the petitioner alleges that his trial attorney was ineffective when, at re-sentencing, he failed to raise and preserve the petitioner's Booker errors. This Court's review of the record



indicates that this argument is without merit. The petitioner appealed his first sentence. The Fourth Circuit vacated the sentence, finding that the Court had imposed a sentence using the sentencing guidelines as mandatory, and remanded the case for re-sentencing in light of Booker. See United States v. Gelin, 172 Fed. App'x at 30. At the second sentencing, the Court sentenced the petitioner under the advisory guideline scheme mandated by Booker. On appeal, the Fourth Circuit affirmed the sentence. See United States v. Debreus, 255 F.3d App'x at 726. Thus, the petitioner's attorney was not ineffective for failing to raise and preserve Booker errors at re-sentencing.

### 4. Alleged enhancement of the sentence at re-sentencing

The petitioner claims that the Court violated his Sixth Amendment right when it enhanced him beyond the statutory maximum for the crime to which he had admitted, and re-sentenced him in violation of Booker. This claim has no merit. At the re-sentencing hearing, the Court accepted the government's argument regarding the enhancement for his role in the offense, but lowered his offense level by two levels, and sentenced him to 262 months in prison. The Fourth Circuit, finding no error, affirmed. See United States v. Debreus, 255 F.3d App'x at 726. The petitioner's claim that his sentence was wrongly enhanced is not supported by the record.

## VI. Certificate of appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003);



Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appeal ability shall not be issued.

## VII. Conclusion

For the reasons discussed above, the government's motion for summary judgment is granted, and the petitioner's Section 2255 petition (Docket # 1024) is dismissed with prejudice. Furthermore, the Court declines to issue a certificate of appealability, as the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

January 5, 2011
Charleston, South Carolina

